IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEANNA THOMAS, | § | No. 5:19-CV-1418-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GENERAL MOTORS FINANCIAL | § | |
| COMPANY, INC., and PRG | § | |
| RECOVERY & HOLDINGS, LLC, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) DENYING MOTION TO RECONSIDER; (2) DENYING MOTION
FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM;
(3) DENYING MOTION TO STRIKE; AND (4) GRANTING MOTION TO
<u>DISMISS COUNTERCLAIM</u>

Before the Court are: (1) Defendant PRG Recovery & Holdings, LLC's ("PRG") Motion to Reconsider Order Denying PRG's Motion to Dismiss Plaintiff's FDCPA Lawsuit (Dkt. # 25); (2) PRG's Motion for Leave to File Second Amended Counterclaim (Dkt. # 22); (3) PRG's Motion to Strike Impertinent or Scandalous Matter (Dkt. # 28); and (4) Plaintiff Deanna Thomas's Motion to Dismiss Counterclaim (Dkt. # 21). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. Upon careful consideration of the memoranda in support of and in opposition to the motions, as

well as the record, the Court—for reasons that follow—**DENIES** PRG's motions and **GRANTS** Plaintiff's motion.

BACKGROUND

On December 6, 2019, Plaintiff filed suit in this Court against Defendants General Motors Financial Company, Inc. ("GM Financial") and PRG, asserting a claim against PRG under the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692f(6)(A), and against GM Financial under Texas Business and Commerce Code § 9.609(b)(2). (Dkt. # 1.) Plaintiff's claims arise from the July 2015 purchase of a Chevrolet Malibu vehicle (the "Vehicle") from non-party Lone Star Chevrolet. (Id. at 5.) Plaintiff executed a loan agreement which granted a security interest in the Vehicle to Lone Star Chevrolet. (Id. at 6.) After the loan agreement was consummated, it was assigned to GM Financial. (Id.)

According to Plaintiff, on May 2, 2019, GM Financial engaged its repossession agent PRG to repossess Plaintiff's vehicle. (Dkt. # 1 at 6.) Plaintiff alleges that after she noticed PRG's arrival, she ran out and confronted PRG's personnel and protested the repossession of the Vehicle. (Id.) Plaintiff contends that she jumped into the Vehicle and refused to get out; despite this, Plaintiff alleges that PRG dragged the Vehicle off with her inside. (Id.) According to

2

Plaintiff, police officers were thereafter dispatched to the scene and threatened to arrest Plaintiff and forced her to turn over the Vehicle to PRG.  (Id. at 6–7.)

On March 18, 2020, the Court denied PRG's motion to dismiss Plaintiff's claims and granted Plaintiff's motion for a more definite statement of PRG's counterclaims.  (Dkt. # 19.)  Among others, the Court determined that PRG, by virtue of its role enforcing security interests, is subject only to the specific prohibitions contained in § 1692f(6) of the FDCPA, and not the subject of the main coverage of the FDCPA.  See Obduskey v. McCarthy & Holthus LLP, __ U.S. __, 139 S.Ct. 1029, 1038, 203 L.Ed.2d 390 (2019).  On this basis, the Court determined that it had subject matter jurisdiction to hear this case.  (Dkt. # 19 at 9.)  The Court further held that PRG failed to provide any statute or rule in support of its counterclaim alleging that "this lawsuit is in bad faith and/or for the purpose of harassment" and that the "suit is vexatious, groundless and frivolous."  (Id. at 12.)  The Court thus granted Plaintiff's motion for more definite statement and allowed PRG an opportunity to amend its counterclaim.  (Id.)

In accordance with the Court's Order, on March 26, 2020, PRG filed its First Amended Counterclaim.  (Dkt. # 20.)  On March 30, 2020, Plaintiff filed a Motion to Dismiss PRG's First Amended Counterclaim (Dkt. # 21); PRG filed a response on March 31, 2020 (Dkt. # 23); Plaintiff filed a reply on April 6, 2020 (Dkt. # 26).  On March 30, 2020, PRG filed a motion for leave to file a Second

3

Amended Counterclaim (Dkt. # 22); Plaintiff filed a response on April 6, 2020 (Dkt. # 27).  On April 1, 2020, PRG filed a motion for the Court to reconsider the Order denying PRG's motion to dismiss Plaintiff's suit (Dkt. # 25); on April 8, 2020, Plaintiff filed a response in opposition (Dkt. # 29).  On April 7, 2020, PRG filed a motion to strike impertinent or scandalous matter (Dkt. # 28); on April 10, 2020, Plaintiff filed a response in opposition (Dkt. # 30).  These pending matters are addressed below.

    I.    <u>Motion to Reconsider</u>

PRG moves the Court to reconsider its Order denying PRG's motion to dismiss Plaintiff's claims.  (Dkt. # 25.)  According to PRG, the Court erred by determining that PRG was a "debt collector" who was engaged in interstate commerce.  (<u>Id.</u> at 2.)  PRG contends that its repossession of Plaintiff's vehicle was wholly intrastate and there was no interstate nexus or component.  (<u>Id.</u>)  Without an interstate nexus, PRG argues that this Court lacks subject matter jurisdiction because there is no federal FDCPA claim.  (<u>Id.</u>)

PRG is mistaken.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  An "instrumentality of

interstate commerce" has been defined to include a road or highway, Overstreet v. N. Shore Corp., 318 U.S. 125, 129 (1943), the Internet and email, United States v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009), and even telephones used only intrastate, United States v. Marek, 238 F.3d 310, 319 n. 35 (5th Cir. 2001).  Here, it is clear that PRG utilizes each of these instrumentalities of commerce in conducting its business—PRG advertises its services on the Internet and has a business telephone and email address.  (Dkt. # 29-1.)  Further, Plaintiff has attached evidence which demonstrates that PRG in fact utilized a telephone to call the police in attempting the repossession at issue in this case.  (See Dkt. # 29-2.)  The Court can also infer that PRG utilized a highway or roadway to travel to the repossession location.  Given the above, the Court finds that PRG is a "debt collector" who used an "instrumentality of interstate commerce" and thus meets the requirement under the FDCPA.  The Court will not reconsider its prior order denying PRG's motion to dismiss.  PRG's motion to reconsider is denied.

II.     PRG's Motion to Amend Counterclaim and Motion to Strike

PRG has also filed a motion for leave to file a Second Amended Counterclaim.  (Dkt. # 22.)  According to PRG, its proposed Second Amended Counterclaim further specifies and fleshes out its economic damage and injury caused by Plaintiff but does not otherwise change the basis for its First Amended Counterclaim.  (Id.)  Plaintiff opposes this request on the basis that neither the

FDCPA nor the Court's inherent authority create an affirmative claim for relief for PRG. (Dkt. # 27.) Thus, because PRG's attempt to amend its counterclaim is futile, Plaintiff asks the Court to deny PRG's motion. (Id.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) favors the granting of leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000). Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

Although PRG is still within the time permitted to amend pursuant to the Scheduling Order entered in this case (see Dkt. # 18), the Court will deny PRG's motion to amend because it is futile. PRG brings its counterclaim pursuant to § 1692k(a)(3) of the FDCPA, alleging bad faith and requesting attorney's fees. However, because § 1692k does not give rise to an independent cause of action but merely allows for damages after resolution of the case on the merits, the Court will

not allow PRG leave to amend to allege its counterclaim in more detail than what PRG alleged in its First Amended Counterclaim, addressed below.  See Allen v. Scott, No. 3:10–CV–02005–F, 2011 WL 219568, at *2–3 (N.D. Tex. Jan.19, 2011) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1211 (5th Cir. 1985)).  PRG's motion to amend is denied.

The Court will also deny PRG's motion to strike impertinent or scandalous matter.  (Dkt. # 28.)  According to PRG, the Court should strike Plaintiff's use of the word "kidnapped" in Plaintiff's response to PRG's motion to amend because it was used only "to inflame the Court to gain an improper advantage in this case."  (Id.)  The Court did not place any weight on the use of the word in deciding the issues presented in the pending motion.

III.     Plaintiff's Motion to Dismiss Counterclaim

Plaintiff's motion to dismiss PRG's First Amended Counterclaim will be granted on the same basis that the Court denied PRG's motion for leave to amend its counterclaim.  Again, a claim brought pursuant to § 1692k(a)(3), alleging bad faith and requesting attorney's fees, does not give rise to an independent cause of action.  Nor is there any claim for bad faith litigation based on a court's inherent authority.  See Russell v. Principi, 257 F.3d 815, 821 (D.C. Cir. 2001) ("To date no circuit court has held that a federal cause of action exists [for bad faith litigation].").  Therefore, Plaintiff's motion will be granted, and

7

Defendant's First Amended Counterclaim will be dismissed. The Court will not allow PRG yet another opportunity to amend its counterclaim. Should PRG ultimately prevail, it may file its § 1692k(a)(3) motion at that time.

## CONCLUSION

Based on the foregoing, the Court **DENIES**: (1) PRG's Motion to Reconsider Order Denying PRG's Motion to Dismiss Plaintiff's FDCPA Lawsuit (Dkt. # 25); (2) PRG's Motion for Leave to File Second Amended Counterclaim (Dkt. # 22); and (3) PRG's Motion to Strike Impertinent or Scandalous Matter (Dkt. # 28). The Court **GRANTS** Plaintiff's Motion to Dismiss Counterclaim (Dkt. # 21), and PRG's First Amended Counterclaim is **DISMISSED**.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, April 30, 2020.

_____
David Alan Ezra
Senior United States District Judge