IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEANNA THOMAS, | § § § | |
| *Plaintiff*, | § § | SA-19-CV-01418-DAE |
| vs. | § § § | |
| GENERAL MOTORS FINANCIAL COMPANY, INC., PRG RECOVERY & HOLDINGS, LLC, AMERICREDIT FINANCIAL SERVICES, INC., PATRICK K. WILLIS COMPANY, INC., | § § § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion to Conduct Depositions Via Videoconference [#50], which was referred to the undersigned for disposition. The Court held a hearing on the motion on this day, at which counsel for all parties appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

Plaintiff asks the Court to order that her deposition be conducted via videoconference, as opposed to in person in San Antonio. Although Plaintiff filed this lawsuit in San Antonio, she is currently homeless and living out of her truck in Galveston, Texas. Plaintiff's motion conveys concerns regarding the COVID-19 pandemic and the health risks associated with travel and close physical proximity to others, particularly in light of recent surges in coronavirus cases in the San Antonio area. Defendant PRG Recovery & Holdings, LLC, the party noticing Plaintiff's deposition, opposes the motion on the basis that an in-person deposition is necessary to evaluate Plaintiff's credibility with regards to mental anguish damages in this case and other issues. The Court will grant the motion and permit the deposition to proceed via videoconference but order

1

Plaintiff to appear in Houston, Texas at the offices of Kim Tindall & Associates, the court reporters selected by Defendant.

The Federal Rules of Civil Procedure provide the Court with discretion to order a deposition to be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Although a plaintiff is usually required to make herself available for examination in the forum in which the suit is brought, the Court also has discretion to determine an alternative location. *See Stanissis v. Dyncorp Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 5603722, at *2 (N.D. Tex. Sept. 23, 2015) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112, at 527–30 (3d ed. 2010)). In determining whether there is good cause to allow the deposition of a plaintiff to proceed in a location other than the chosen forum, the Court considers the party's (1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship. *Caraway v. Chesapeake Exploration, LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010). In light of the COVID-19 pandemic, Plaintiff's financial circumstances, and Plaintiff's current living situation in Galveston, the Court finds that she has established such good cause. Ordering the deposition to proceed in the offices of Defendant's chosen court reporter in Houston, a location much closer to Galveston, will minimize any technical difficulties that might arise during a remote deposition.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Conduct Depositions Via Videoconference [#50] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff appear for her deposition via videoconference at the offices of Kim Tindall & Associates in Houston, Texas.

**IT IS SO ORDERED.**

SIGNED this 14th day of August, 2020.

                                            _____
                                            ELIZABETH S. ("BETSY") CHESTNEY
                                            UNITED STATES MAGISTRATE JUDGE