IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEANNA THOMAS, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01418-DAE |
| vs. | § § § | |
| GENERAL MOTORS FINANCIAL COMPANY, INC.,  PRG RECOVERY & HOLDINGS, LLC,  AMERICREDIT FINANCIAL SERVICES, INC., PATRICK K. WILLIS COMPANY, INC., | § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the above-styled cause of action.  Defendants PRG Recovery & Holdings, LLC and Patrick K. Willis Company, Inc's Motion for Sanctions and for Show Cause [#77] was referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, this case should be dismissed for want of prosecution.

On March 12, 2021, the District Court referred Defendants PRG Recovery & Holdings, LLC and Patrick K. Willis Co., Inc.'s Motion for Sanctions and Show Cause [#77], which concerns Plaintiff's conduct during her deposition.  The undersigned entered an Order [#78] setting the motion for a hearing on April 14, 2021, and requiring the parties to confer on the matters raised in the motion and to file a joint advisory prior to the hearing describing which issues remain in dispute and their respective positions on the issues.  Defendants filed an

1

advisory [#81] in compliance with the Court's Order, but it reflects that Plaintiff refused to confer regarding the matters raised in the motion. Neither did Plaintiff file a response to Defendants' motion.

The Court held a telephonic hearing on the motion on April 14, 2021, as scheduled, at which counsel for Defendants appeared. Plaintiff, who is proceeding *pro se*, failed to appear. During the hearing, Defendants informed the Court that they had communicated with Plaintiff via email at the address on file with the Court prior to the hearing in an attempt to confer regarding the issues in the pending motion, in compliance with the Court's Order. According to Defendants, Plaintiff refused to confer on the issues raised in the motion and feigned ignorance regarding her attorney's recent withdrawal and the Orders entered by the Court. Through their email correspondence (which Plaintiff received), Defendants informed Plaintiff of hearing scheduled for April 14 and the requirement to confer. Defendants also discussed via email the Court's previous Order [#75], which granted Plaintiff's attorney permission to withdraw and ordered Plaintiff to obtain new counsel or file an advisory indicating her intention to proceed *pro se* on or before May 3, 2021. This Order also instructed Plaintiff to review certain resources for *pro se* litigants. According to Defendants, Plaintiff has been avoiding reviewing the filings in this case as well as correspondence with her previous attorney.

In light of the foregoing, on April 14, 2021, the undersigned entered a Show Cause Order [#84], directing the Plaintiff to show cause why this case should not be dismissed for want of prosecution and for failure to follow a Court order by filing a response on or before May 10, 2021. Plaintiff was warned that her failure to do so could result in the dismissal of her case under Rule 41(b). The undersigned directed the Clerk to serve the Show Cause Order and the Court's previous Order (the one that Plaintiff had failed to comply with) by email and certified

mail, return receipt requested.  The Clerk did so, and the docket indicates Plaintiff received both on April 22, 2021.  (*See* Certified Mail Receipt [#86], at 1.)

To date, Plaintiff has failed to file a response to the April 14, 2021 Show Cause Order or to file an advisory in compliance with the Court's March 3, 2021 Order, and the deadlines imposed by this Court for doing so have expired.  A district court may dismiss an action for failure to prosecute or to comply with any order.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  In light of Plaintiff's failure to comply with multiple orders of this Court, including but not limited to her failure to her failure to file a response to the Show Cause Order, the undersigned will recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 19th day of May, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE